IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STMICROELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVAGO TECHNOLOGIES LIMITED, AVAGO TECHNOLOGIES U.S., INC. <br><br> Defendants. | Civil Action No. 3:10-cv-01460-D <br><br> JURY TRIAL |

**DEFENDANTS' ANSWER TO ORIGINAL
COMPLAINT, DEFENSES AND COUNTERCLAIMS**

Defendants Avago Technologies Limited and Avago Technologies U.S., Inc. (collectively "Avago") hereby respond to the Original Complaint filed by STMicroelectronics, Inc. as follows:

**PARTIES**

1. Avago lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Original Complaint, and on that basis, denies the same.

2. Avago admits that Avago Technologies Limited is a Singapore corporation having a place of business at 1 Yishun Avenue 7, Singapore 768923. Avago denies the remaining allegations in Paragraph 2 of the Original Complaint.

3. Avago admits that Avago Technologies U.S., Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in San Jose, California,

and that it markets and sells products in the United States, including within this District. Avago denies any remaining allegations in Paragraph 3 of the Original Complaint.

## JURISDICTION AND VENUE

4. Avago admits that this purports to be an action arising under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq*., but denies any wrongdoing or liability. Avago admits that the Court has subject matter jurisdiction over this action.

5. Avago admits that, for purposes of this action, venue is proper in this judicial district.

## THE PATENTS

6. Avago admits that United States Patent No. 6,838,752 appears on its face to be titled "Semiconductor Package With Recessed Leadframe and a Recessed Leadframe" and that a purported copy of that patent is attached to the Original Complaint as Exhibit A. Avago lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Original Complaint, and on that basis, denies the same.

7. Avago admits that United States Patent No. 6,362,697 appears on its face to be titled "Low Supply Voltage Relaxation Oscillator Having Current Mirror Transistors Supply For Capacitors" and that a purported copy of that patent is attached to the Original Complaint as Exhibit B. Avago lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Original Complaint, and on that basis, denies the same.

8. Avago lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Original Complaint, and on that basis, denies the same.

## BACKGROUND

9. Avago incorporates its responses to the allegations of Paragraphs 1-8 herein.

10. Avago denies the allegations in Paragraph 10 of the Original Complaint.

11. Avago denies the allegations in Paragraph 11 of the Original Complaint.

12. The allegation in Paragraph 12 is a legal conclusion, and thus requires no response.

## COUNT 1

### (The '752 Patent)

13. Avago incorporates its responses to the allegations of Paragraphs 1-12 herein.

14. Avago denies the allegations in Paragraph 14 of the Original Complaint.

15. Avago denies the allegations in Paragraph 15 of the Original Complaint.

## COUNT 2

### (The '697 Patent)

16. Avago incorporates its responses to the allegations of Paragraphs 1-12 herein.

17. Avago denies the allegations in Paragraph 17 of the Original Complaint.

18. Avago denies the allegations in Paragraph 18 of the Original Complaint.

## DEMAND FOR JURY

19. On the basis that no facts are alleged in Paragraph 19 of the Original Complaint, Avago can neither admit nor deny the contents thereof.

## PLAINTIFF'S PRAYER FOR RELIEF

Avago denies that STMicroelectronics, Inc. is entitled to any of the relief it requests in its Prayer for Relief, or any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

Avago has not infringed, directly, indirectly, contributorily, and/or by inducement, any valid and enforceable claim of any asserted patent.

### SECOND DEFENSE

The asserted patents and each and every claim thereof are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including, but not limited to, §§ 101, 102, 103, 112, 115 and 116.

### THIRD DEFENSE

Because of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in the asserted patents, as shown by the prosecution histories thereof, STMicroelectronics, Inc. is estopped from construing the claims of one or more of the asserted patents in a way that would cause any valid claim thereof to cover or include any products that are or have been manufactured, used, sold or offered for sale by Avago, either literally or under the doctrine of equivalents.

### FOURTH DEFENSE

STMicroelectronics, Inc. is estopped by reason of prosecution-history estoppel from asserting infringement of one or more of the claims of the asserted patents under the doctrine of equivalents.

### FIFTH DEFENSE

To the extent STMicroelectronics, Inc. seeks recovery for any alleged infringement more than six years prior to the filing of its Original Complaint, such recovery is barred, in whole or in part, pursuant to 35 U.S.C. § 286.

SIXTH DEFENSE

On information and belief, STMicroelectronics, Inc. is not entitled to any damages for any period before STMicroelectronics, Inc.'s actual notice to Avago of its infringement allegations by reason of its failure to properly mark products embodying the claims of the asserted patents as required by 35 U.S.C. § 287.

SEVENTH DEFENSE

STMicroelectronics, Inc.'s prayer for costs is barred under 35 U.S.C. § 288 by its failure to disclaim invalid claims of the asserted patents before filing suit.

EIGHTH DEFENSE

To the extent STMicroelectronics, Inc. seeks injunctive relief for alleged infringement, the relief sought is unavailable because any alleged injury to STMicroelectronics, Inc. is not immediate or irreparable and because STMicroelectronics, Inc. has an adequate remedy at law for the alleged injury.

NINTH DEFENSE

STMicroelectronics, Inc.'s claims and all relief thereunder are barred, in whole or in part, by the equitable doctrines of laches, estoppel, acquiescence, waiver, and/or other applicable equitable doctrines.

TENTH DEFENSE

STMicroelectronics, Inc.'s claims are barred, in whole or part, because injuries alleged were caused, in whole or in part, by the conduct of third parties for whom Avago was not responsible.

<u>Eleventh Defense</u>

STMicroelectronics, Inc.'s Original Complaint and each claim for relief alleged therein fail to state a claim upon which relief can be granted.

<u>Reservation of Additional Defenses</u>

In accordance with the Federal Rules of Civil Procedure, Avago reserves the right to assert additional defenses, by motion or otherwise, as discovery progresses.

## COUNTERCLAIMS

For its counterclaims against STMicroelectronics, Inc., Avago alleges as follows:

<u>JURISDICTION AND VENUE</u>

1. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*

2. These counterclaims for declaratory judgment arise from an actual controversy between Avago and STMicroelectronics, Inc. concerning the validity and infringement of the claims of U.S. Patent Nos. 6,838,752 ("the '752 patent") and 6,362,697 ("the '697 patent") (collectively, the "Asserted Patents").

3. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.  Venue is proper under 28 U.S.C. §§ 1391(b)-(c), and 1400(b), because STMicroelectronics, Inc. filed suit in this District and is found in this District.

4. By filing its Original Complaint in this District, STMicroelectronics, Inc. has consented to the jurisdiction of this Court for the present action, including Avago's counterclaims for declaratory judgment.

## PARTIES

5. Plaintiff Avago Technologies U.S., Inc., is a corporation organized under the laws of Delaware with its principal place of business at 350 W. Trimble Road, San Jose, California, 95131.

6. Avago Technologies Limited is a Singapore corporation having a place of business at 1 Yishun Avenue 7, Singapore 768923.

7. In its Original Complaint, STMicroelectronics, Inc. purports to be a corporation organized and existing under the laws of the State of Delaware with a current principal place of business in Carrollton, Texas.

## BACKGROUND

8. STMicroelectronics, Inc. has alleged on information and belief that one or more of Avago Technologies Limited and Avago Technologies U.S., Inc. has directly infringed, contributorily infringed, and/or induced infringement of the '752 patent.

9. STMicroelectronics, Inc. has alleged on information and belief that one or more of Avago Technologies Limited and Avago Technologies U.S., Inc. has directly infringed, contributorily infringed, and/or induced infringement of the '697 patent.

## CLAIM 1

10. Avago repeats and realleges the allegations in Paragraphs 1-9 of this Counterclaim.

11. Avago does not infringe, and has not infringed, any valid and enforceable claim of the '752 patent, either directly, indirectly, literally or under the doctrine of equivalents, or in any way.

12. Avago is entitled to a declaratory judgment that it does not infringe, and has not infringed, any valid and enforceable claim of the '752 patent, either directly, indirectly, literally or under the doctrine of equivalents, or in any way.

## CLAIM 2

13. Avago repeats and realleges the allegations in Paragraphs 1-9 of this Counterclaim.

14. Avago does not infringe, and has not infringed, any valid and enforceable claim of the '697 patent, either directly, indirectly, literally or under the doctrine of equivalents, or in any way.

15. Avago is entitled to a declaratory judgment that it does not infringe, and has not infringed, any valid and enforceable claim of the '697 patent, either directly, indirectly, literally or under the doctrine of equivalents, or in any way.

## CLAIM 3

16. Avago repeats and realleges the allegations in Paragraphs 1-9 of this Counterclaim.

17. The '752 patent and its claims are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including, but not limited to, §§ 101, 102, 103, 112, 115 and 116.

18. Avago is entitled to a declaratory judgment that the '752 patent and its claims are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including, but not limited to, §§ 101, 102, 103, 112, 115 and 116.

## CLAIM 4

19. Avago repeats and realleges the allegations in Paragraphs 1-9 of this Counterclaim.

20. The '697 patent and its claims are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including, but not limited to, §§ 101, 102, 103, 112, 115 and 116.

21. Avago is entitled to a declaratory judgment that the '697 patent and its claims are invalid for failure to comply with the requirements of 35 U.S.C. § 1, *et seq.*, including, but not limited to, §§ 101, 102, 103, 112, 115 and 116.

## JURY DEMAND

Avago demands a jury for all issues triable before a jury.

## PRAYER

WHEREFORE, Avago prays for judgment as follows:

a. That STMicroelectronics, Inc. be denied, with prejudice all relief sought by its Original Complaint;

b. That STMicroelectronics, Inc.'s Original Complaint be dismissed with prejudice;

c. That Avago be awarded its reasonable attorneys fees and costs incurred in defending against STMicroelectronics, Inc.'s Original Complaint;

d. That U.S. Patent Nos. 6,838,752 and 6,362,697 and the claims thereof be declared invalid, and that Avago be declared not to have infringed any claim of any such patents;

e. That STMicroelectronics, Inc. is not entitled to injunctive relief;

f. Declaring this case to be exceptional and awarding Avago its costs and attorneys fees under 35 U.S.C. § 284; and

g. Awarding Avago such other and further relief as it deems just and proper.

Respectfully submitted,

/s/ John M. Jackson
John M. Jackson
Texas Bar No. 24002340
jjackson@jw.com
Nicole Ruble Metcalf
Texas State Bar No. 24056241
nmetcalf@jw.com
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

OF COUNSEL:

Duane-David Hough (pro hac vice to be submitted)
dhough@mayerbrown.com
Brian W. Nolan (pro hac vice to be submitted)
bnolan@mayerbrown.com
MAYER BROWN LLP
1675 Broadway
New York, New York 10019-5820
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

Gary M. Hnath (pro hac vice to be submitted)
ghnath@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3040
Facsimile: (202) 263-5340

Sharon A. Israel
Texas Bar No. 00789394
sisrael@mayerbrown.com
MAYER BROWN LLP
700 Louisiana Street
Suite 3400
Houston, Texas 77002-2730
Telephone: (713) 238-2630
Facsimile: (713) 238-4630

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.1 this 16th day of September, 2010. Any other counsel of record will be served by facsimile transmission and/or first class mail.


      /s/ John M. Jackson
      John M. Jackson